## L. L. JACKSON v. STATE.
### No. 13538.

Court of Criminal Appeals of Texas.
May 7, 1930.

G. H. Crane, of Dallas, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for felony theft; punishment, two years in the penitentiary.

We find in this record the sworn request of appellant asking that his appeal be dismissed. This request was made and filed in the trial court on March 30, 1930, and was made part of the transcript and sent to this court therein. The transcript reached this court on April 5th, but in no way was our attention called to the presence of this affidavit until the case was submitted to us on April 30th. The request shows that appellant is in jail. It is to be regretted that same was not forwarded to this court separate and apart from the transcript so that our attention might have been called to it earlier and the matter acted upon more promptly.

At the request of appellant, the appeal is dismissed.

## Jim JACKSON v. STATE.
### No. 13344.

Court of Criminal Appeals of Texas.
May 14, 1930.

J. E. Edmondson, of Bellville, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J.

Conviction is for possessing intoxicating liquor for the purpose of sale; punishment being two years in the penitentiary.

There were no objections to the charge of the court, and no bills of exception are found complaining of any proceeding during the trial.

The evidence supports the verdict. It is not necessary to here set it out.

The court sentenced appellant to two years in the penitentiary, thereby inadvertently depriving him of the indeterminate sentence. Article 775, Code Cr. Proc. 1925. The sentence is corrected to read that appellant shall be imprisoned in the penitentiary for not less than one nor more than two years.

As thus reformed, the judgment is affirmed.

## Narciso MENDEZ v. STATE.
### No. 13292.

Court of Criminal Appeals of Texas.
April 23, 1930.

Laurence & Tooker, of Corpus Christi, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

The record is here without either statement of facts or bills of exception. The indictment, the judgment, and sentence are in accord with the statute.

The judgment will be affirmed.

## W. A. MULLINS v. STATE.
### No. 13547.

Court of Criminal Appeals of Texas.
April 23, 1930.

Williams & Bell, of Childress, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J.

The conviction is for the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.